UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| **HOLLY GOLLADAY,** ) <br> 512 Fenley Avenue ) <br> Louisville, Kentucky 40222 ) <br> ) <br>    PLAINTIFF, ) <br> ) <br> v. ) <br> ) <br> **THE ANTHEM COMPANIES, INC.,** ) <br> 220 Virginia Avenue ) <br> Indianapolis, Indiana 46204 ) <br> ) <br>   SERVE: CT Corporation System ) <br>       306 West Main St., Ste. 512 ) <br>       Frankfort, Kentucky 40601 ) <br> ) <br> **ANTHEM HEALTH PLANS OF KENTUCKY** ) <br> **INC. d/b/a ANTHEM BLUE CROSS AND** ) <br> **BLUE SHIELD,** ) <br> 13550 Triton Park Boulevard ) <br> Louisville, KY 40223 ) <br> ) <br>   SERVE: CT Corporation System ) <br>       306 West Main St., Ste. 512 ) <br>       Frankfort, Kentucky 40601 ) <br> ) <br>      DEFENDANTS.  ) | **CIVIL ACTION NO.** <br><br>  3:21-cv-78-BJB <br><br> *ELECTRONICALLY FILED* |

## COMPLAINT AND JURY DEMAND

  Comes the Plaintiff, Holly Golladay, by counsel, and for her Complaint for damages and Jury Demand against the above-named Defendants states as follows:

## PARTIES

  1. Plaintiff, Holly Golladay, at all times pertinent to the allegations in the Complaint was a resident of Lyndon, Jefferson County, Kentucky.

2. Defendant, The Anthem Companies, Inc., is an Indiana corporation with its principal office located at 220 Virginia Avenue, Indianapolis, Indiana 46204. Defendant Anthem Health Plans of Kentucky, Inc. d/b/a Anthem Blue Cross and Blue Shield is a Kentucky corporation with its principal place of business being located at 13550 Triton Park Boulevard, Louisville, Kentucky 40223. For purposes of this Complaint, Defendant The Anthem Companies, Inc. and Defendant Anthem Health Plans of Kentucky, Inc. d/b/a Anthem Blue Cross and Blue Shield will be collectively referred to as "Anthem."

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the claims set forth herein pursuant to 28 U.S.C. §1331 as this action arises under the provisions of 42 U.S.C. §12101 *et seq.* (the Americans with Disabilities Act or ADA) and 29 U.S.C. §2601 *et seq.* (the Family Medical Leave Act or FMLA). This Court has supplemental jurisdiction over Plaintiff's claims filed under the provisions of the Kentucky Civil Rights Act ("KCRA") encoded at KRS Chapter 344 pursuant to 28 U.S.C. §1367.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) as a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## STATEMENT OF PERTINENT FACTS

5. Plaintiff Holly Golladay (hereinafter "Plaintiff and/or Golladay") was employed by Defendants Anthem at its office in Louisville, Kentucky from October 2014 until May 2020.

6. During her employment with Defendants Anthem, Golladay started as a Customer Service Associate and worked her way up to a Manager position. During her employment with

Anthem Plaintiff received multiple promotions, annual salary increases, bonuses, and awards for her work performance.

7. On or around December 2016, Plaintiff Golladay was initially approved for FMLA leave by Defendants Anthem for breast cancer treatment and medical conditions related to such treatment. Plaintiff's FMLA leave was routinely renewed by Anthem and continued without issue until on or about February 2020.

8. On or about January 6, 2020, Anthem hired Ms. April Flynn as Plaintiff's new Director and immediate supervisor. On or about February 7, 2020, Ms. Flynn made comments to Plaintiff that Plaintiff's team felt that her time away from work in the last Quarter of 2019 due to breast cancer related illnesses, treatment and/or complications made her a less effective supervisor (Plaintiff utilized FMLA leave during the above-referenced absence from work with Anthem).

9. On or about February 17, 2020, Plaintiff informed Ms. Flynn that a recent radiological study confirmed the presence of a mass in her lung that could be metastasized breast cancer, and that Plaintiff would need a follow up CT scan in April or May of 2020 to determine if a biopsy of her lung would be necessary. Shortly after Plaintiff informed Ms. Flynn of the mass in her lung and the need for future medical treatment to evaluate the mass, Ms. April Flynn engaged in the following retaliatory conduct: Ms. Flynn excluded Plaintiff from Manager meetings she had always participated in prior to February 2020; Ms. Flynn disciplined Plaintiff for sending a meme referencing Lionel Ritchie to her team members and Ms. Flynn which Ms. Flynn unjustifiably categorized as racist. Anthem's Human Resources department investigated the meme sent by Plaintiff and found it not to be discriminatory in nature. However, Ms. Flynn regularly sent out memes that were discriminatory in nature including the meme attached hereto

as **"Exhibit A"** which depicts a man dressed in drag; Ms. Flynn diverted lines of business to other departments without explanation or justification that ultimately hindered Plaintiff's department growth; Ms. Flynn placed Plaintiff on an unwarranted company performance improvement plan without pre-plan "coaching" as required by company policy; on or about April 14, 2020, Ms. Flynn interfered with Plaintiff's lawful right to use FMLA leave for her "serious health condition" when she stated that Plaintiff was required to take the full day off for a physician's appointment to evaluate a mass in her lung that only required her to miss one-half day. Ms. Flynn insisted that Plaintiff not return to work and use her PTO time to cover the remainder of the day even though she could have returned to work after her physician's appointment; and Ms. Flynn diverted new hires to other departments and informed Plaintiff she would no longer be receiving new hires as was planned before Ms. Flynn assumed her new Director position.

10. On or around April 2020, Plaintiff reported Ms. Flynn's retaliatory behavior to Anthem's Human Resources department. An investigation was conducted and Human Resources met with Plaintiff on or about May 6, 2020. Thereafter, Anthem's Human Resources department informed Plaintiff that they warned Ms. Flynn not to make additional disparaging comments about Plaintiff's use of FMLA leave and that they were closing the investigation.

11. On May 7, 2020, the day after the Anthem's Human Resources department closed its investigation about Ms. Flynn's conduct as alleged by Plaintiff, Plaintiff received notice from Ms. Flynn that she was being issued a written warning for her alleged unsatisfactory completion of the performance improvement plan that Ms. Flynn placed her on in February 2020. Plaintiff requested a copy of the written warning from Ms. Flynn but it was never provided.

12.     On May 18, 2020, Plaintiff Golladay was terminated from her position with Anthem by her supervisor April Flynn and a Human Resources Associate named Charlene Rodgers. Plaintiff was informed that the reason for her termination was lack of oversight and lack of integrity because Plaintiff failed to discover that an employee on her team was engaging in "call avoidance," and that Plaintiff refused to immediately fire the employee that was discovered to have engaged in "call avoidance." However, the basis for Plaintiff's termination was merely a pretext to discrimination and retaliation as Anthem's audit department is responsible for detecting when Anthem employees engage in "call avoidance." This has never been the responsibility of the Plaintiff as that employee's direct supervisor nor would have the knowledge and/or computer technology to detect a pattern of "call avoidance" by an employee under her supervision. Moreover, Plaintiff utilized FMLA leave on May 12, 2020 for a CT imaging study of the mass in her breast and received an email from Ms. Flynn on that same day asking about the status of Plaintiff's investigation into her employee's "call avoidance" issue. Plaintiff returned to work the following day, May 13, 2020, and on May 14, 2020, Ms. Flynn terminated the employee engaging in "call avoidance" and thereafter terminated the Plaintiff on May 18, 2020 for not terminating the employee who engaged in "call avoidance" quickly enough. Moreover, upon information and belief, Ms. Flynn's termination of the employee engaging in "call avoidance" in such an abrupt fashion was not consistent with the disciplinary action dictated by company policy which typically required counseling and/or less drastic disciplinary action such as a verbal or written warning prior to termination.

13.     On or about November 2, 2020, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") (Charge No. 474-2020-00932).

14. Plaintiff received a Notice of Right to Sue letter for her November 2, 2020 EEOC Charge of Discrimination (Charge No. 474-2020-00932) on or after December 16, 2020, a copy of which is attached hereto as **Exhibit B**.

## COUNT I

**DISCRIMINATION IN EMPLOYMENT BASED ON DISABILITY IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AND THE KENTUCKY CIVIL RIGHTS ACT.**

15. Plaintiff repeats and re-alleges by reference each and every allegation contained in the preceding paragraphs and incorporates the same as if fully set forth herein.

16. Plaintiff asserts that Anthem is a "covered entity" as defined in 42 U.S.C. §12111(2).

17. Plaintiff asserts that Anthem is an "employer" as defined in KRS §344.030(2).

18. Plaintiff is a "qualified individual" as defined in 42 U.S.C. §12111(8) as Plaintiff, either with or without reasonable accommodation, was qualified and capable of performing the essential functions of her former job with Anthem.

19. Plaintiff has a "disability"—metastatic breast cancer—as defined in 42 U.S.C. §12102(1) and applicable federal regulations, as she has a physical or mental impairment that substantially limits one or more major life activities, a record of such impairment, or was perceived and/or regarded as having such an impairment. More specifically, 29 C.F.R. Part 1630, provides that cancer is an example of "impairments that are episodic or in remission" and is therefore considered a disability that substantially limits the major life activity of "normal cell growth." See 29 CFR 1630.2(g)(4) and 29 CFR 1630.2(g)(5).

20. Plaintiff is a "qualified individual with a disability" as defined in KRS 344.030(1) based upon the facts alleged in the foregoing paragraphs of this Complaint.

21. Plaintiff states that as a direct result of her disability, record of disability, or Anthem having regarded or perceived her as disabled, she was discriminated against with regard to the terms, conditions, and privileges of employment and ultimately terminated from employment all due to her disability in violation of the Americans with Disabilities Act, 42 U.S.C. §12112(a) and the Kentucky Civil Rights Act, KRS 344.040(1)(a).

22. As a direct and proximate result of Anthem's discriminatory conduct as described in this Count of the Complaint, Plaintiff has suffered and will continue to suffer lost wages and benefits in the past and future, severe mental and emotional distress, she has incurred medical expenses in the past and will continue to incur future medical expenses and other incidental expenses, and she has suffered and will continue to suffer loss of enjoyment of life, personal indignity and humiliation, and other non-pecuniary losses.

23. As a further direct and proximate result of Anthem's discriminatory conduct as described in this Count of the Complaint, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of her employment relationship with Anthem and has thereby incurred and will continue to incur legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff.

## COUNT II

### RETALIATORY HARASSMENT/RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AND THE KENTUCKY CIVIL RIGHTS ACT.

24. Plaintiff repeats and re-alleges by reference each and every allegation contained in the preceding paragraphs and incorporates the same as if fully set forth herein.

25. Plaintiff asserts that Anthem is a "covered entity" as defined in 42 U.S.C. §12111(2).

26. Plaintiff asserts that Anthem is an "employer" as defined in KRS §344.030(2).

27. Plaintiff is a "qualified individual" as defined in 42 U.S.C. §12111(8) as Plaintiff, either with or without reasonable accommodation, was qualified and capable of performing the essential functions of her former job with Anthem.

28. Plaintiff has a "disability"—metastatic breast cancer—as defined in 42 U.S.C. §12102(1) and related federal regulations, as she has a physical or mental impairment that substantially limits one or more major life activities, a record of such impairment, or was perceived and/or regarded as having such an impairment. More specifically, 29 C.F.R. Part 1630, provides that cancer is an example of "impairments that are episodic or in remission" and is therefore considered a disability that substantially limits the major life activity of "normal cell growth." See 29 CFR 1630.2(g)(4) and 29 CFR 1630.2(g)(5).

29. Plaintiff states that she is a "qualified individual with a disability" as defined in KRS 344.030(1) based upon the facts alleged in the foregoing paragraphs of this Complaint.

30. Plaintiff initially engaged in activity protected by the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.,* and the Kentucky Civil Rights Act, KRS Chapter 344, when she requested a reasonable accommodation for her disability—medical leave for the treatment of her metastatic breast cancer and related medical conditions--and thereafter engaged in additional acts that involved "protected activity" beginning on or about April 2020 when Plaintiff reported Ms. Flynn's discriminatory and retaliatory behavior based upon Plaintiff's disability to Anthem's Human Resources department as more fully described in the foregoing paragraphs of this Complaint including, but not limited to, paragraphs 8, 9 and 10 of this Complaint.

31. After Plaintiff requested reasonable accommodations from agents or employees of Anthem and otherwise engaged in "protected activity" beginning on or about April 2020 when Plaintiff reported Ms. Flynn's discriminatory and retaliatory behavior based upon Plaintiff's

disability to Anthem's Human Resources department, Plaintiff experienced retaliatory harassment at the hands Ms. Flynn and/or other agents or employees of Anthem as more fully described in the foregoing paragraphs of this Complaint, including, but not limited to, Plaintiff's ultimate termination by Anthem on May 18, 2020.

32. There is a causal connection between Plaintiff's engagement in protected activity—Plaintiff's initial requests for reasonable accommodations from agents or employees of Anthem and her April 2020 complaints to Anthem's Human Resources department regarding Ms. Flynn's discriminatory and retaliatory behavior– and the retaliatory harassment and discrimination engaged in by April Flynn as more fully described in the foregoing paragraphs of the Complaint including Anthem's termination of the Plaintiff on May 18, 2020.

33. Anthem violated the Americans with Disabilities Act, 42 U.S.C. §12203, and the Kentucky Civil Rights Act, KRS §344.280, when its agents or employees unlawfully engaged in a pattern of retaliatory conduct, harassment, discrimination and ultimately termination after Plaintiff engaged in an activity protected by the Americans with Disabilities Act and the Kentucky Civil Rights Act.

34. As a direct and proximate result of Anthem's unlawful conduct as alleged in this Count of the Complaint, Plaintiff has suffered and will continue to suffer lost wages and benefits in the past and future, severe mental and emotional distress, past and future medical expenses and other incidental expenses, and has further suffered and will continue to suffer loss of enjoyment of life, personal indignity and humiliation, and other non-pecuniary losses.

35. As a further direct and proximate result of Anthem's violation of the ADA and KRS 344.280 as described herein, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of her employment relationship with Anthem and

has thereby incurred and will continue to incur legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff.

## COUNT III

### RETALIATION IN VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

36. Plaintiff repeats and re-alleges by reference each and every allegation contained in the preceding paragraphs and incorporates the same as if fully set forth herein.

37. Anthem is an "employer" as defined in 29 U.S.C. § 2611(4)(A).

38. Plaintiff states that she was an "eligible employee" under 29 U.S.C. §2611(2)(A)(i) as she had been working for Anthem over 12 months and met the other statutory requirements on the occasions that she applied for and was subsequently approved for FMLA leave by Anthem.

39. Plaintiff availed herself of a protected right under the FMLA when she requested FMLA leave for a "serious health condition"—i.e. breast cancer—beginning on or around December 2016 and continuing throughout her employment with Anthem until she was ultimately terminated on May 18, 2020.

40. Plaintiff suffered adverse employment actions including termination and was subjected to other retaliatory conduct as more fully described in the Complaint after she returned to work on several occasions from FMLA leave beginning on or about February 2020 and through the time of her termination on May 18, 2020.

41. There is a causal connection between Plaintiff availing herself of a protected right under the FMLA, and Anthem's engagement in adverse employment actions and other forms of retaliation as more fully alleged in the Complaint including her termination from employment with Anthem on May 18, 2020.

42. As a direct and proximate result of Anthem's retaliation against Plaintiff in violation of the provisions of the FMLA as alleged in this Count of the Complaint, Plaintiff has suffered and will continue to suffer lost wages and benefits in the past and future and other related damages.

43. Anthem's conduct in retaliating against the Plaintiff was an intentional violation of the FMLA. Accordingly, an award of "liquidated damages" against Anthem is warranted under the Family Medical Leave Act.

**WHEREFORE**, Plaintiff, Holly Golladay, demands judgment against Defendant The Anthem Companies, Inc. and Defendant Anthem Health Plans of Kentucky, Inc. d/b/a Anthem Blue Cross and Blue Shield as follows:

1. Judgment against the Defendants either jointly or severally in an amount sufficient to fully compensate the Plaintiff for her lost wages and benefits in the past, for her future lost wages and benefits, for her past and future medical expenses, for her severe mental and emotional distress, personal indignity, humiliation, and other pecuniary and non-pecuniary losses suffered as a result of Defendants' violations of 42 U.S.C. §12112, 42 U.S.C. §12203, KRS 344.040(1)(a) and KRS §344.280 as alleged herein;

2. Judgment against Defendants either jointly or severally in an amount sufficient to fully compensate Plaintiff for her damages as more fully alleged in the Complaint for Defendants' violations of the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.*, the Family Medical Leave Act, 29 U.S.C. §2601 *et seq.*, and the Kentucky Civil Rights Act, KRS Chapter 344;

3. For her costs expended herein;

4. For an award of "liquidated damages" under the provisions of the Family Medical Leave Act, 29 U.S.C. §2601 *et seq.*;

5. For her reasonable attorney's fees as provided for by statute;

6. For a trial by jury;

7. For pre-judgment and post-judgment interest at the prevailing legal rate;

8. For leave to amend the pleadings as proof develops; and

9. For any and all other relief that she may appear to be entitled to under the law.

Respectfully submitted,

*/s/     Charles W. Miller*

Charles W. Miller
T. Ryan Greer
**CHARLES W. MILLER & ASSOCIATES**
Waterfront Plaza, Suite 2104
325 West Main Street
Louisville, KY  40202
P: (502) 583-2300
F: (502) 583-2323
E: cmiller@cwmassociates.com
***COUNSEL FOR PLAINTIFF***